IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jimmy Chris Miller, | ) | C/A No. 0:19-cv-01405-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Timothy Budz and Jared Anderson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Paige J. Gossett (the "Report"), recommending that the court deny Plaintiff's motion, ECF No. 45, and grant Defendants' motion for summary judgment, ECF No. 32. [ECF No. 54.] The Report was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 23, 2020. [ECF No. 54.] On April 15, 2020, Plaintiff filed a motion for continuance, which the court construed as a request for additional time to submit objections to the Report. [ECF No. 58.] On April 16, 2020, the court granted the request, in part, by allowing Plaintiff an extension of time to April 30, 2020 to file any objections to the Report. [ECF No. 59.] At that time, the court noted that no additional extension of time would be granted absent extraordinary circumstances. *Id.* On April 30, 2020, Plaintiff filed a document

1

titled "Response and Opposition to Defendants Motion for Summary Judgment and Memorandum of Law in Support." [ECF No. 62.] In accordance with its text order only allowing an extension of time to submit objections, the court construes Plaintiff's response as purported objections to the Report.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Report to which a specific objection has been made. The court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). As provided above, however, the court need not—and will not—address any of Plaintiff's arguments that fail to point the court to alleged specific errors the Magistrate Judge made in the Report.

"A document filed *pro se* is 'to be liberally construed.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even when construed liberally and in the light most favorable to Plaintiff, Plaintiff's memorandum fails to set forth any specific objections to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court overrules Plaintiff's objections, adopts the Report (ECF No. 54), and incorporates the Report herein. Therefore, it is the judgment of the court that Defendants' motion for summary judgment, ECF No. 32 is **GRANTED**, Plaintiff's motion, ECF No. 45, is **DENIED**, and any other pending motions are hereby deemed **MOOT**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

May 20, 2020
Florence, South Carolina

3